UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **VINCENT JEROME HEMPHILL** | **CIVIL ACTION NO. 13-1164-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **LASALLE MANAGEMENT INC., ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Vincent Jerome Hemphill ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on May 21, 2013. Plaintiff claims his civil rights were violated by prison officials while detained at the Claiborne Parish Detention Center in Homer, Louisiana. He names the LaSalle Management Inc., Johnny Sumlin, John Goodwin, and the Claiborne Parish Medical Department as defendants.

Plaintiff claims he was a pretrial detainee who was denied his prescription medication hydrocodone for bone spurs, bad discs, and a pinched nerve in his lower back. He claims he suffers chronic back pain. He claims he made five sick calls and each time the nurse denied him medical treatment. He claims that from April 19, 2013 until July 24, 2013, the medical staff refused to refer him to a doctor or provide him with medical treatment. He

claims he was not allowed to take the medication prescribed prior to his incarceration.

Plaintiff admits that he was seen by a nurse in the infirmary on July 22 or 23, 2013. He claims he had intense back pain and shortness of breath. He claims the nurse told him he was panicking. He claims his blood pressure was checked and a monitor was placed on his fingertip.

Accordingly, Plaintiff seeks injunctive relief and monetary compensation.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

The standard to apply in analyzing an inadequate medical care claim asserted by a pre-trial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." Scott v. Moore, 114 F.3d 51, 53 (5th Cir. 1997), quoting Hare v. City of Corinth, 74 F.3d 633, 644 (5th Cir. 1996). "A 'condition of confinement' case is a 'constitutional attack on general conditions, practices, rules, or restrictions of pretrial confinement.'" Scott, 114 F.3d at 53, quoting Hare, 74 F.3d at 644.[1] An episodic act or omission case is defined as follows:

> [W]here the complained-of harm is a particular act or omission of one or more officials, the action is characterized properly as an 'episodic act or omission' case and is not amenable to review under the Wolfish test. [I]n an episodic act or omission case, an actor usually is interposed between the detainee and the municipality, such that the detainee complains first of a particular act of, or omission by, the actor and then points derivatively to a policy, custom, or rule

---

[1] In such a case, the reasonable relationship test of Bell v. Wolfish, supra, is applicable. Under this test, if the condition of confinement is reasonably related to a legitimate, non-punitive governmental objective, the condition is constitutional. Scott, 74 F.3d at 53.

(or lack thereof) of the municipality that permitted or caused the act or omission. [Internal citations and quotation marks omitted.]

Id.

In Nerren v. Livingston Police Dept., 86 F.3d 469 (5th Cir. 1996), the Fifth Circuit classified a case involving the alleged denial of adequate medical care to an arrestee as an episodic case. In Nerren, the court applied a deliberate indifference standard stating, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." The court then defined subjective deliberate indifference as "subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference." Nerren, 86 F.3d at 473. This is the same standard applicable to convicted prisoners,[2] that is, the medical care must be "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Thus, Plaintiff must allege and be able to prove that each named Defendant has been deliberately indifferent to his serious medical needs or the claim is

---

[2]The Eighth Amendment applies to convicted prisoners. There are two requirements that must be met to show that a prison official has violated the Eighth Amendment. The first is an objective requirement that the inmate allege a sufficiently serious deprivation. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811, 823 (1994). Second, only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. A prison official must have a sufficiently culpable state of mind, defined as deliberate indifference or knowing disregard of an excessive risk to inmate health or safety. Farmer, 128 L.Ed.2d at 825; Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). Under this standard, a lack of proper inmate medical care can be cruel and unusual punishment only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976).

subject to dismissal as frivolous. Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1993). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997).

The record does not contain facts which sufficiently show that the named Defendants have been deliberately indifferent to any serious medical needs. As discussed above, a constitutional violation requires a sufficiently serious deprivation and deliberate indifference on the part of the defendant prison official. Farmer, supra.

In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Plaintiff admits that he made five sick calls regarding his condition. Specifically, he admits he was examined by a nurse in the infirmary in July 2013. However, he disagrees with the medical treatment he received. He claims he should have been given hydrocodone as prescribed by the doctor he saw before he was imprisoned and referred to a doctor. In Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir.1999), the Fifth Circuit found that the failure of a prison doctor to follow the recommendations of an outside treating physician did not present a material fact issue for deliberate indifference. Rather, it indicated that the doctors had differing opinions as to the appropriate method of treatment under the circumstances. Therefore, the medical staff at Claiborne Parish Detention Center was under no obligation to follow the recommendations of the non-prison physician.

Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Furthermore, as previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment

was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992). Accordingly, Plaintiff's medical claim should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 21st day of March, 2016.

_____
Mark L. Hornsby
U.S. Magistrate Judge